UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LISA SANDS,                         :
                                    :
          Plaintiff,                :CIVIL ACTION NO. 4:07-CV-1435
                                    :
          v.                        :(JUDGE CONABOY)
                                    :(Magistrate Judge Mannion)
MICHAEL J. ASTRUE,                  :
Commissioner of Social              :
Security,                           :
                                    :
          Defendant.                :

_____

## MEMORANDUM

Pending before the Court is Plaintiff's appeal from the
Commissioner's denial of Disability Insurance Benefits ("DIB") and
Supplemental Security Income ("SSI") under Titles II and XVI of the
Social Security Act ("Act"), 42 U.S.C. §§ 401-433, 1381-1383f.  The
matter was referred to Magistrate Judge Malachy E. Mannion who
issued a Report and Recommendation on June 6, 2008, recommending
the appeal be denied.  (Doc. 11.)  Neither party has filed
objections to the Report and Recommendation and the last day for
doing so was June 23, 2008.

When a magistrate judge makes a finding or ruling on a motion
or issue, his determination should become that of the court unless
objections are filed.  *See Thomas v. Arn*, 474 U.S. 140, 150-53
(1985).  When no objections are filed, the district court is
required only to review the record for "clear error" prior to
accepting a magistrate judge's recommendation.  *See Cruz v. Chater*,
990 F. Supp. 375, 378 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F.

Supp. 2d 397, 399 (E.D. Pa. 1998).

Here the Magistrate Judge identifies three bases for appeal: 1) the ALJ erred in making his residual functional capacity ("RFC") determination (Doc. 11 at 5); 2) the ALJ erred by failing to give appropriate weight to Plaintiff's treating physician's opinion (*id.* at 8); and 3) the ALJ failed to consider Plaintiff's impairments in combination, specifically the effects of her depression and migraines (*id.* at 10).[1]

Our review of the record reveals no clear error in the Magistrate Judge's determination that the ALJ properly considered the effects of Plaintiff's depression and migraines.

Regarding the ALJ's RFC determination and weight given to Plaintiff's treating physician, we find error in the ALJ's failure to address evidence relevant to this determination.  Specifically, as argued in Plaintiff's Reply Brief (Doc. 10 at 2), the ALJ credited many of Dr. Cheryl Stone's opinions but did not address her statement that Plaintiff could not sustain more than two hours of sedentary work per day.

In reviewing the record on this issue, we must determine whether the ALJ considered Dr. Stone's opinion in conformity with what is known as the "treating physician rule."  The "treating

_____

[1]  The Magistrate Judge noted that Plaintiff's brief in support of her appeal (Doc. 8) contains arguments relating to another claimant, and, therefore, the arguments considered in the Report and Recommendation were extracted from Plaintiff's letter to the Appeals Council (R. at 262-64).  (Doc. 11 at 5 n.3.)

physician rule" is codified at 20 C.F.R. § 404.1527(d)(2), and is widely accepted in the Third Circuit. *Mason v. Shalala*, 994 F.2d 1058 (3d Cir. 1993); *see also Dorf v. Brown*, 794 F.2d 896 (3d Cir. 1986). The regulation addresses the weight to be given a treating physician's opinion: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case, we will give it controlling weight." 20 C.F.R. § 416.927(d)(2).[2] "A cardinal principle

---

[2] 20 C.F.R. 404.1527(d)(2) states in relevant part:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we

guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).  In choosing to reject the treating physician's assessment, an ALJ may not make "speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Morales*, 225 F.3d at 317 (*citing Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988)).

When confronted with contradictory medical evidence, the ALJ may choose whom to credit, but in these instances there is an acute need for the ALJ to explain the reasoning behind conclusions. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).  The *Fargnoli* court noted that the appeals court will vacate or remand a case where such an explanation is not present.  *Id.*  Third Circuit precedent requires that an ALJ provide some explanation for the rejection of probative evidence, particularly when that evidence is the opinion of a treating physician or would suggest a disposition

---

give your treating source's opinion.

contrary to that of the ALJ.  *Fargnoli*, 247 F.3d at 42; *Benton v. Bowen*, 820 F.2d 85, 88-89 (3d Cir. 1987); *Wier on Behalf of Wier v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984)).

> For whatever reason, there is much in our circuit's jurisprudence . . .  that requires administrative law judges in social security cases to explicate the analysis upon which they base their ultimate decisions, . . . especially where they are rejecting the testimony of the claimant's treating physician or allegations (particularly those supported by the treating physician) . . ..

*Wier*, 734 F.2d at 961.

The Third Circuit Court of Appeals also addressed the need for the ALJ to explain the basis for the RFC finding in *Burnett v. Commissioner of Social Security*, 220 F.3d 112 (3rd Cir. 2000).  "In making a residual functional capacity determination, the ALJ must consider all evidence before him.  Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence."  *Id.* at 121 (internal citations omitted). *Burnett* concluded that "[i]n the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."  *Id.* (*quoting Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).  Recently the Third Circuit Court of Appeals clarified that the ALJ's duty to explain his rejection of evidence is limited to pertinent or probative evidence.  *Johnson v. Comm'r of Social Security*, ---F.3d---, No.

07-2132, 2008 WL 1801161, at *5 (3d Cir. Apr. 22, 2008) (*citing Burnett*, 220 F.3d at 121; *Cotter*, 642 F.2d at 705).

Here the ALJ considered the reports of Plaintiff's treating physician, Dr. Cheryl Stone, pertinent as indicated by the fact that he based his decision that Plaintiff had the residual functional capacity to perform a wide range of sedentary work in part on Dr. Stone's opinions regarding Plaintiff's limitations. (R. at 15.)  The ALJ stated that "Dr. Stone was of the opinion that the claimant could perform a reduced range of sedentary work." (*Id.*)  While this statement is not factually inaccurate as far as it goes, the ALJ does not address Dr. Stone's opinion that Plaintiff could perform a reduced range of sedentary work *for two hours per day*. (R. at 133.)  Dr. Stone's opinion of the limited number of hours per day Plaintiff could work is located in the same Job Capabilities and Restrictions report where she indicated Plaintiff could perform a limited range of sedentary work.[3]  (R. at 133.)  Thus, the ALJ credited a portion of Dr. Stone's report, accepting her opinions on the range of sedentary work Plaintiff was capable of performing, but did not discuss her opinion on the number of hours Plaintiff was capable of working.

In this context, we conclude that acceptance of the ALJ's

---

[3]  Although this issue is raised specifically in  Plaintiff's Reply Brief (Doc. 10 at 1-2), the Magistrate Judge does not discuss Dr. Stone's opinion on the amount of time per day Plaintiff was capable of working in his review of the ALJ's reliance on Dr. Stone's assessment.  (Doc. 11 at 10.)

decision runs afoul of the ALJ's responsibility to explain the reasons for discounting pertinent evidence.  *Johnson*, 2008 WL 1801161, at *5; *Burnett v. Comm'r*, 220 F.3d 112, 121 (3d Cir. 2000).  Therefore, this matter must be remanded for explanation and clarification of the ALJ's rejection of evidence relevant to his finding regarding Plaintiff's residual functional capacity.  An appropriate Order follows.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge


DATED: June 25, 2008

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LISA SANDS,                          :
                                     :
          Plaintiff,                 :CIVIL ACTION NO. 4:07-CV-1435
                                     :
          v.                         :(JUDGE CONABOY)
                                     :(Magistrate Judge Mannion)
MICHAEL J. ASTRUE,                   :
Commissioner of Social               :
Security,                            :
                                     :
          Defendant.                 :
_____

### ORDER

NOW, THEREFORE, THIS 25th DAY OF JUNE 2008, FOR THE REASONS
SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.   The Magistrate Judge's Report and Recommendation (Doc.
     11) is adopted in part and rejected in part;

2.   The Report and Recommendation is adopted as to the
     Magistrate Judge's finding that the ALJ properly
     considered Plaintiff's depression and migraines in
     combination with her other impairments;

3.   The Report and Recommendation is not adopted as to the
     Magistrate Judge's finding that the ALJ properly
     determined Plaintiff's residual functional capacity;

4.   Pursuant to the fourth sentence of 42 U.S.C. § 405(g),
     this matter is remanded to the Commissioner of Social
     Security for further consideration and proceedings

8

consistent with this Memorandum and Order;[4]

5.   The Clerk of Court is directed to enter judgment in
     accordance with this Order and to mark the matter in this
     Court **CLOSED**.


                         S/Richard P. Conaboy
                         RICHARD P. CONABOY
                         United States District Judge

---

[4]   The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he courts shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a re-hearing."  Accordingly, the Clerk of Court will be directed to enter judgment in accordance with this Order.  *See Kadelski v. Sullivan*, 30 F.3d 399 (3d Cir. 1994).